FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-0311-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 17. Attorney David L. Lybbert represents Raymond L. (Plaintiff); Special Assistant United States Attorney Martha A. Boden represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in 2015, initially alleging disability since July 23, 2013 or 2015, due to back pain, high blood pressure, diabetes, sleep apnea, shoulder pain and knee pain. Tr. 349, 366, 387-388. Counsel for Plaintiff later amended the alleged onset date to July 31, 2015. Tr. 187, 468. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) M. J. Adams held a hearing on January 16, 2018, Tr. 184-224, and issued an

unfavorable decision on August 6, 2018, Tr. 15-26.  The Appeals Council denied Plaintiff's request for review on July 24, 2019.  Tr. 1-6.  The ALJ's August 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 12, 2019.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on December 14, 1966, Tr. 349, and was 48 years old on the amended alleged disability onset date, July 31, 2015, Tr. 468.  He went to school through the ninth grade and earned a GED in 2000.  Tr. 188, 192, 388.  Plaintiff testified at the administrative hearing on January 16, 2018, that he last worked at a wrecking yard in 2015.  Tr. 189.  He also has past work as a housekeeper in a hospital, a laborer/housekeeper for American Logistics, and a laborer for a company that does starch production.  Tr. 189-190.  Plaintiff's disability report indicates he stopped working in July 2015 because of his conditions.  Tr. 387-388.

Plaintiff testified at the administrative hearing that he has had trouble with both of his shoulders, had a tear surgically repaired in his left shoulder, and believed his right shoulder needed a joint replacement.  Tr. 193-194.  He continued to experience weakness, pain, and a lack of range of motion with both arms.  Tr. 194-195.  Plaintiff stated he also had left knee issues and underwent surgery to alleviate symptoms.  Tr. 196-197.  He indicated he continued to have weakness, numbness, and swelling in his knee following surgery.  Tr. 197.  Plaintiff testified he had also undergone carpal tunnel surgery for his hands and wrists, but he continued to have numbness, weakness, and pain in both hands.  Tr. 199.  He also indicated he has experienced back pain since 2015, Tr. 201, and has been treated for diabetes, Tr. 203.

Plaintiff testified lifting about 10 pounds hurt his shoulders, Tr. 196, standing about 10 minutes bothered his knees, Tr. 197, he could walk only about

one block before needing to sit or lie down, Tr. 199, he had difficulty grasping and holding objects, Tr. 200, bending and twisting for up to four to five minutes increased his back pain, Tr. 202-203, and sitting in one place for 15 to 20 minutes caused back pain, Tr. 204-205.

Plaintiff testified he believed he was a burden to his wife because he "can't do hardly anything at all." Tr. 203. He stated he spends probably 75 percent of his day resting in a recliner, Tr. 206, and despite efforts to not aggravate his impairments, he still experienced two to three "bad days" each week, Tr. 206-207.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards

///

were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 6, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 31, 2015, the alleged disability onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: bilateral shoulder impairment, osteoarthritis, degenerative disc disease, obesity, sleep apnea, and carpal tunnel syndrome (status post bilateral surgery). Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: he could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; stand and or walk, with normal breaks, for a total of six hours in an eight-hour workday; sit, with normal breaks, for six hours; push and/or pull unlimited except as shown for lifting and carrying; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, and crouch; never crawl; occasionally reach overhead with the right and frequently reach overhead with the left; and frequently handle and gross manipulate bilaterally.  Tr. 20.  The ALJ additionally concluded Plaintiff must avoid concentrated exposure to extreme cold or heat and vibration and must avoid even moderate exposure to hazardous machinery or unprotected heights.  Tr. 20.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work.  Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of clerk/assistant, laundry sorter, and small products assembler.  Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 31, 2015, the amended alleged disability onset date, through the date of the ALJ's decision, August 6, 2018.  Tr. 26.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

///

Plaintiff identifies the following issues of review: (1) Did the ALJ err in improperly rejecting Plaintiff's subjective complaints; (2) Did the ALJ err in failing to meet his burden at step five, to identify specific jobs, available in significant numbers, which Plaintiff could perform in light of his specific functional limitations; and (3) Did the ALJ err in failing to consider Lumber Degenerative Disease, Cervical Degenerative Disease, Left Knee Degenerative Disease, Left Shoulder Degenerative Disease, Hypertension, Kidney Disease, Carpal Tunnel Syndrome, Diabetes, or Depression as severe conditions and factor them into the overall determination of limitations? ECF No. 13 at 7.

On the final full page of Plaintiff's opening brief, Plaintiff also asserts the ALJ erred by failing to recognize a third party statement of Plaintiff's mother and stating that if the ALJ believed a treating source opinion was vague, he had an affirmative duty to develop the record not just dismiss the statement. ECF No. 13 at 20. Plaintiff fails to name the individuals discussed or cite the sections of the record where their statements can be found, the Court is unable to locate a third-party statement of "Plaintiff's mother" within the administrative record, and Plaintiff's arguments are brief and lack support. Because Plaintiff has failed to argue with specificity, the Court will not address these two cursory contentions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief); *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

## DISCUSSION

### A. New Evidence

Plaintiff's opening brief requests that the Court take into consideration records reviewed by the Appeals Council but not added to the record. ECF No. 13 at 3-4, 5-6; Tr. 32-183. Plaintiff attached the records to his opening brief. *See* ECF No. 13-1, 13-2, 13-3.

1    This "new evidence" was considered by the Appeals Council and made a
2 part of the administrative record at Tr. 32-183. *See Harman v. Apfel*, 211 F.3d
3 1172, 1179-1180 (9th Cir. 2000) (stating that where claimant submitted additional
4 materials to the Appeals Council in requesting review of the ALJ's decision, "[w]e
5 may properly consider the additional materials because the Appeals Council
6 addressed them in the context of denying Appellant's request for review");
7 *Ramirez v. Shalala*, 8 F.3d 1449, 1451-1452 (9th Cir. 1993) (noting that where the
8 Appeals Council declined to review the decision of the ALJ after examining the
9 entire record, including new material, the Court considered both the ALJ's decision
10 and the additional materials submitted to the Appeals Council).
11    The evidence is part of the administrative record, Tr. 32-183, and shall be
12 considered by this Court in determining whether the ALJ's decision is supported
13 by substantial evidence.

   **B.    Plaintiff's Subjective Complaints**

15    Plaintiff contends the ALJ reversibly erred by failing to provide clear and
16 convincing reasons for rejecting his subjective complaints. ECF No. 13 at 10-14.
17    It is the province of the ALJ to make credibility determinations. *Andrews*,
18 53 F.3d at 1039. However, the ALJ's findings must be supported by specific
19 cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once
20 the claimant produces medical evidence of an underlying medical impairment, the
21 ALJ may not discredit testimony as to the severity of an impairment because it is
22 unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998).
23 Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the
24 claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at
25 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ
26 must identify what testimony is not credible and what evidence undermines the
27 claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915,
28 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 21.

It appears the only precise rationale provided by the ALJ for rejecting Plaintiff's testimony in this case is that Plaintiff's statements were inconsistent because he reported benefits from treatment.[1]  See Tr. 21-23.

An ALJ may discount a claimant's allegations if they conflict with the medical evidence of record. *Carmickle v. Comm'r Soc. Sec. Admin.*, 553 F.3d 1155, 1161 (9th Cir. 2008) (contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (an ALJ may consider whether alleged symptoms are consistent with the medical evidence). Moreover, an ALJ may rely on the effectiveness of treatment to find a claimant's testimony unpersuasive. *See e.g. Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a claimant's mental symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983)

///

---

[1] The ALJ specifically stated, "[a]s for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the claimant repeatedly reported benefit from his various treatments and procedures." Tr. 20. While the ALJ's decision mentions Plaintiff's course of treatment for his back pain was "minimal," Tr. 22, the ALJ does not identify "minimal treatment" as a distinct reason for rejecting Plaintiff's subjective complaints, and Defendant's briefing fails to assert "minimal treatment" as a specific reason for challenging Plaintiff's statements, ECF No. 17 at 8-12.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

1  (noting impairments that are controlled by treatment cannot be considered
2  disabling).
3        The ALJ determined Plaintiff's subjective complaints were inconsistent as to
4  his left shoulder pain, noting Plaintiff had a good response to November 2015
5  surgery with his pain controlled and swelling and range of motion improved.  *See*
6  Tr. 21-22 *citing* Tr. 573 (nine days post left shoulder surgery, pain controlled with
7  oral pain medications); Tr. 576 (three weeks post left shoulder surgery, swelling in
8  hand and range of motion improved significantly); Tr. 579 (two months post left
9  shoulder surgery, Plaintiff feeling better than he did before surgery).  The ALJ also
10 found Plaintiff's complaints about his right shoulder, back, and other parts of his
11 spine were inconsistent with the record because he did not undergo surgery and
12 only had minimal treatment for the alleged ailments.  Tr. 22-23.  The ALJ
13 additionally determined Plaintiff's hand complaints were inconsistent with his
14 successful carpal tunnel release surgeries.  Tr. 23 *citing* Tr. 591 & 665 (report of
15 doing very well nine days post right open carpal tunnel release surgery); Tr. 596
16 (May 6, 2016 report of doing very well following April 27, 2016 left carpal tunnel
17 release surgery).
18       Although Plaintiff reported doing well and feeling better shortly after his
19 shoulder and hand surgeries, the record reflects he later continued to have shoulder
20 pain and arm/hand issues.  *See* Tr. 61 (March 20, 2018 report of numbness down
21 both arms and into the hand and fingers); Tr. 116 (April 6, 2018 report of long-
22 standing, unchanged shoulder pain); Tr. 89 (May 4, 2018 report of upper extremity
23 weakness); Tr. 91 (May 17, 2018 report of increasing neck pain and numbness in
24 his arms over the past year; noting decreased grip strength, dropping objects more
25 frequently and occasional shooting pain down both arms).  Plaintiff's statements
26 and testimony regarding issues with his shoulders and hands do not conflict with
27 the medical evidence of record.
28 ///

As to Plaintiff's other ailments and lack of further surgeries, the record reflects Plaintiff underwent consecutive surgeries in 2015 (left shoulder), 2016 (both wrists/hands), and 2017 (left knee) and was a candidate for surgical intervention for his spine in mid-2018 for which he was considering his options before deciding to proceed, Tr. 97, 98. In March 2018, chronic neck and back pain was reported with numbness in the arms and hands. Tr. 61. Imaging showed canal and foraminal stenoses, cord deformities, degenerative disc changes, and mild spondylolisthesis of C4 on C5. Tr. 33, 36. In May 2018 it was noted Plaintiff had spinal stenosis in the cervical region and degenerative disc disease in the thoracic and lumbar regions, Tr. 89, and that Plaintiff had progressively worsening symptoms of cervical myelopathy due to spondylolisthesis with spinal cord compression at C4-5 and spondylosis with spinal cord compression at C5-6 and C6-7, Tr. 97. While no further surgery is noted as having been performed during the relevant time period, Plaintiff's subjective complaints regarding his ailments do not conflict with the medical evidence of record.

Accordingly, the ALJ's determination that Plaintiff's subjective reporting conflicted with the benefits he received from treatment and procedures is unsupported. The Court thus finds the ALJ failed to provide a valid, clear and convincing reason to discount Plaintiff's subjective complaints.

Defendant's briefing asserts the ALJ's credibility determination is supported by Plaintiff's admission that he was raising his grandchildren as a stay-home-dad, spent most of the day engaged in light housecleaning and laundry, would spend fifteen minutes watering plants, regularly attended church and a local food bank, and described his lifestyle as active most of the day. ECF No. 17 at 9. The ALJ's decision, however, does not mention Plaintiff's performance of activities in the context of the assessment of Plaintiff's subjective allegations. Accordingly, Defendant's activities of daily living argument will not be addressed by the Court. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (it is error for a district

1  court to affirm an ALJ's credibility decision based on evidence that the ALJ did
2  not discuss).
3      The ALJ is responsible for reviewing the evidence and resolving conflicts or
4  ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.
5  1989).  This Court has a limited role in determining whether the ALJ's decision is
6  supported by substantial evidence and may not substitute its own judgment for that
7  of the ALJ even if it might justifiably have reached a different result upon *de novo*
8  review.  42 U.S.C. § 405(g).  It is the role of the trier of fact, not this Court, to
9  resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  However, based on
10 the foregoing, the Court concludes that the rationale provided by the ALJ for
11 rejecting Plaintiff's testimony is inadequate and Plaintiff's subjective symptoms
12 must therefore be reassessed on remand.  On remand, the ALJ shall reconsider
13 Plaintiff's statements and testimony and reassess what statements, if any, are not
14 credible and, if deemed not credible, what specific evidence undermines those
15 statements.

    **C.    Severe Impairments**

17    Plaintiff also contends the ALJ erred at step two of the sequential evaluation
18 process by failing to consider all of Plaintiff's severe impairments.  ECF No. 13 at
19 15-19.  Plaintiff specifically asserts the ALJ failed to find his Lumbar Degenerative
20 Disease, Cervical Degenerative Disease, Left Knee Degenerative Disease, Left
21 Shoulder Degenerative Disease, Hypertension, Kidney Disease, Carpal Tunnel
22 Syndrome, Diabetes, and Depression were "severe" impairments and factor them
23 into the overall determination of limitations.  *Id*.
24    Plaintiff has the burden of proving he has a severe impairment at step two of
25 the sequential evaluation process.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912.
26 In order to meet this burden, Plaintiff must furnish medical and other evidence that
27 shows he has a severe impairment.  20 C.F.R. § 416.912(a).  The regulations, 20
28 ///

C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities.

The Court notes Plaintiff's disability report fails to specifically mention Lumbar Degenerative Disease, Cervical Degenerative Disease, Left Knee Degenerative Disease, Left Shoulder Degenerative Disease, Kidney Disease, Carpal Tunnel Syndrome, or Depression as issues causing his alleged disability. *See* Tr. 387.  Moreover, the ALJ provided a detailed analysis explaining why he determined Plaintiff's left knee ailment, diabetes mellitus, hypertension, and depression were non-severe impairments, Tr. 18-19, and accounted for limitations caused by Plaintiff's general osteoarthritis, Tr. 18, and shoulder pain, back pain, obesity, hand weakness and sleep apnea, Tr. 21-24.  Nevertheless, given the lack of support for the ALJ's determination regarding Plaintiff's subjective complaints and the resultant need of a remand, on remand the ALJ shall additionally reexamine the severity of Plaintiff's conditions at step two of the sequential evaluation process and address the impact of all of Plaintiff's impairments, both severe and non-severe.  The ALJ shall specifically reassess the medical records pertaining to Plaintiff's Lumbar Degenerative Disease, Cervical Degenerative Disease, Left Knee Degenerative Disease, Left Shoulder Degenerative Disease, Hypertension, Kidney Disease, Carpal Tunnel Syndrome, Diabetes, and Depression, in addition to Plaintiff's severe bilateral shoulder impairment, osteoarthritis, degenerative disc disease, obesity, and sleep apnea.

**D.     Step Five**

Plaintiff contends the ALJ further erred at step five of the sequential evaluation process.  ECF No. 13 at 14-15.  Plaintiff argues the ALJ's RFC and hypothetical to the vocational expert failed to account for all of his limitations.  *Id*.

As determined above, the ALJ erred by providing insufficient rationale for rejecting Plaintiff's subjective complaints, and the matter must be remanded for reconsideration of Plaintiff's statements and testimony and a new step two

determination. *See supra*. Consequently, the ALJ's RFC determination must be reassessed on remand, taking into consideration Plaintiff's statements that are deemed credible, all relevant, credible medical evidence of record, including the new evidence at Tr. 32-183, and any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits. The ALJ shall thereafter analyze the remaining steps of the sequential evaluation process.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits or for further consideration. ECF No. 13 at 20. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds further development is necessary for a proper determination to be made.

As discussed above, the ALJ erred with respect to his consideration of Plaintiff's testimony; therefore, Plaintiff's subjective symptoms must be reassessed on remand. On remand, the ALJ shall reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements. The ALJ shall also reexamine step two of the sequential evaluation process with specific emphasis on Plaintiff's allegations of Lumbar Degenerative Disease, Cervical Degenerative Disease, Left Knee Degenerative Disease, Left Shoulder Degenerative Disease, Hypertension, Kidney Disease, Carpal Tunnel Syndrome, Diabetes, and Depression, in addition to Plaintiff's bilateral shoulder impairment, osteoarthritis, degenerative disc disease, obesity, and sleep apnea. The ALJ shall formulate a new RFC determination, obtain supplemental testimony from a vocational expert,

if necessary, and take into consideration any additional or supplemental evidence or testimony relevant to Plaintiff's claim for disability benefits.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 15, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 14